UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| MARTY H. ALLNUTT, ) | |
| ) | |
| Plaintiff, ) | No. 2:11-CV-00037-HRW |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| GRANT COUNTY DETENTION ) | **AND ORDER** |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Marty H. Allnutt, currently confined in the Kentucky State Reformatory ("KSR") located in LaGrange, Kentucky, has filed a *pro se* civil rights action asserting claims under 42 U.S.C. § 1983. Allnutt alleges that in 2010, the named defendants, Steve Kellam, former Jailer of the Grant County Detention Center ("GCDC") located in Williamstown, Kentucky, and the GCDC,[1] ignored his serious medical needs in violation of his federal constitutional rights.

---

[1] The Court takes judicial notice of three facts indicating that Allnutt has improperly identified both defendants. First, the facility which Allnutt is suing is the "Grant County Detention Center," not the Grant County "Jail," and second, the individual defendant is "Steve *Kellam*," not Steve "Kelim." *See Kentucky Legal Directory*, (2010) (Grant County; p. 258); http://grantcounty.ky.gov. Third, it appears that Kellam is no longer the Jailer of the GCDC, as the GCDC's website currently identifies its Jailer as "Terry Peoples." *See* http://grantcounty.ky.gov. The Clerk of the Court will be directed to correct the defendants' identification and designation in the CM/ECF system.

Because Allnutt is suing government officers, the Court must screen the Complaint under 28 U.S.C. § 1915A. The Court also screens the Complaint under 28 U.S.C. § 1915(e) since it has granted Allnutt *in forma pauperis* status by separate Order. Both of these sections require dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.* §§ 1915; 1915A. As explained below, the Court will dismiss Allnutt's claims with prejudice.

## ALLEGATIONS OF THE COMPLAINT

Allnutt states that on May 1, 2010, while confined in the GCDC, another GCDC inmate physically attacked him; forcefully shoved him into a steel bunk; pushed him to the floor; and continued to physically assault him on the floor. Allnutt alleges that as a result of that attack, he sustained serious injuries to his arm, hand, and shoulder; was placed in segregation for 13 days during which he received no medical attention; and was then placed in "maximum security" for thirty days. He alleges that end of the 30-day confinement, he was finally allowed to see a nurse but that she said his injuries were not life threatening and told him to take an aspirin.

Allnutt alleges that although he then submitted numerous sick call requests stating that he could not move his arm and demanding medical treatment for his pain, all of his requests ". . . were ignored by medical staff" [D. E. No. 1, p. 3].

2

Allnutt alleges that he made the following GCDC officers aware of his injuries and need for medical treatment: (1) Correctional Officer Couch; (2) Correctional Officer Young; (3) Lieutenant Webster; and (4) Captain East [*Id.*]. He states that the GCDC finally allowed him to see a doctor on October 7, 2010; that the doctor asked him if he was a drug user or alcoholic; and instructed him to take a hot shower and have another inmate "jerk his arm and shoulder" [*Id.*, p. 4].[2]

Allnutt states that although he is now receiving medical treatment at the KSR for his injuries, and is now awaiting to undergo an MRI, the medical treatment he is currently receiving is inadequate to treat his injuries and that at present, he is "still trying to get proper medical care that has been denied for almost a year" [*Id.*].[3] Allnutt alleges that the defendants' neglect of his injuries for six months in 2010 directly caused the severe pain, discomfort, and limited mobility which he is currently experiencing. He demands $1 million in damages from the defendants.

---

[2]

Allnutt also alleges that he did not undergo any X-rays for almost "two months," but it is unclear whether that two-month period ran from the date of the alleged injury (May 1, 2010) or the date on which Allnutt states that he first saw a doctor (October 7, 2010). *See id.*

[3]

According to the "Final X-Ray report" dated June 28, 2010, the reviewing physician found no evidence of fracture, dislocation or sublaxation; determined that the acromioclavicular joint moved normally; that all cortical margins were intact; that the soft tissue planes were normal; and only minor degenerative changes consistent with age. *See* [D. E. No. 1-1, p. 11].

## DISCUSSION

Allnutt states that he was a pre-trial detainee at the time of the alleged events at the GCDC. A pretrial detainee's claims challenging the conditions of his confinement must be analyzed under the Fourteenth Amendment of the United States Constitution. *Bell v. Wolfish*, 441 U.S. 520, 523 (1979); *Leary v. Livingston County*, 528 F.3d 438, 450 (6th Cir. 2008). Accordingly, the Court examines Allnutt's claims under the Fourteenth Amendment of the United States Constitution, not the Eighth Amendment, which by its terms applies only to post-conviction inmates. *Ford v. County of Grand Traverse*, 535 F. 3d 483, 495 (6th Cir. 2008).

First, Allnutt alleges no facts establishing liability on the part of former GCDC Jailer Defendant Steve Kellam. Specifically, Allnutt did not allege that while confined at the GCDC, Kellam personally or directly denied the medical treatment he requested. Under the facts as alleged, the only basis upon which liability could be imposed against Kellam, as the former Jailer and head administrator of the GCDC, would be under the doctrine of *respondeat superior*.

This is insufficient to establish liability against Kellam, because the doctrine of *respondeat superior* cannot form the basis of liability in a § 1983 action. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Kesterson v. Luttrell*, 172 F.3d 48 (6th Cir.1998) (Table); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th

Cir. 1978). Instead, a plaintiff must show that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *Rose v. Caruso*, 284 F. App'x. 279, 282-83 (6th Cir. 2008); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). Again, Allnutt does not allege that Kellam was personally involved in the decisions relating to his medical treatment, or lack thereof. A supervisory government employee is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009).

Although Allnutt does not allege whether he filed any administrative grievances at the GCDC formally demanding medical treatment, the Court will assume for the moment that he have may have done so, and that his claims against Kellam may be based on Kellam's denial of Allnutt's institutional grievance(s). If so, Allnutt states no Fourteenth Amendment claim against Kellam, because the denial of a grievance is not the type of personal involvement required to state a *1983* claim. Liability under *1983* can not be established simply because a supervisor denies an administrative grievance or fails to act based upon information contained in a grievance. *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Second, Allnutt's claims against the GCDC must be dismissed. Because municipal departments, such as jails, are not "persons" subject to suit under § 1983, they are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *see also Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (Table) (holding that the Shelby County jail is not an entity subject to suit under § 1983); *Chism v. Christian County Jail*, No. 5:10-CV-88-R, 2010 WL 3947504 (W.D. Ky. October 7, 2010) (same, as to Christian County Jail); *Wilkey v. Adams*, No. 5:07-CV-P61, 2008 WL 2743939, at *4 (W. D. Ky., July 11, 2008) (same, as to the McCracken County Jail).

Further assuming that Allnutt could be asserting Fourteenth Amendment claims under § 1983 against the governing body of Grant County, *i.e.*, the Grant County Fiscal Court, that construed claim would also fail. To establish municipal liability under §1983, a plaintiff must allege that the municipality officially adopts, implements, or executes a custom, policy statement, ordinance, regulation, or decision which results in a constitutional deprivation, even if the custom does not receive formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

A municipality cannot be held liable for damages under § 1983 based on *respondeat superior* solely because it employs a tort-feasor, *id.* at 691; it can only be held responsible for a constitutional deprivation if a direct causal link exists between

6

its policy or custom and the alleged constitutional deprivation. *Id.* at 690-91; *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000).

Allnutt does not allege that county officials in Grant County either implemented or executed policies or engaged in a custom or pattern of conduct which deprived him of necessary medical treatment. He alleges *only* that he made four specific GCDC officials at the GCDC (Couch, Young, Webster, and East) aware of the extent of his alleged injuries, and that *they* did refused to take action on his behalf.

But Allnutt did not name any of these individuals as defendants, only the GCDC and Jailer Kellam, whom Allnutt does not allege was personally involved in the decisions to deny him medical treatment. Such a claim is inadequate to impose liability on a county's governing body. *See Whaley v. Woodford County Sheriff*, No. 03-6460, at p. 3 (6th Cir. September 29, 2004) (Unpublished) (finding that this Court properly dismissed, *sua sponte*, plaintiff's Eighth Amendment claims against City of Versailles and the Versailles Police because he did not allege the implementation of an unconstitutional county policy or procedure, but instead attacked the conduct of specific law enforcement officials not named as defendants in the Complaint).

Thus, Allnutt does not allege a direct causal connection between a municipal policy or custom of Grant County's governing body, and the alleged deprivation of

7

medical treatment about which he complains. His § 1983 claims against the GCDC, and/or its fiscal court/governing body, will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

Third and finally, Allnutt has asserted claims about the alleged inadequacy of his *current* medical care in the wrong venue. Allnutt is confined in the KSR, a state prison located in LaGrange, Kentucky, which is located in Oldham County, Kentucky. Oldham County lies within the territorial limits of the Louisville Division of the United States District Court for the Western District of Kentucky ("the Western District"). If Allnutt wishes to assert § 1983 claims concerning his *current* medical treatment against the KSR, he must do so in the proper venue, which would be the Western District, not this district. *See* 28 U.S.C. § 1391(b).

A claim must state sufficient factual matter which, if accepted as true, would allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is subject to dismissal for failure to state a claim where the complaint pleads facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. Because Allnutt's claims against Kellam and the GCDC fail to meet this threshold requirement, they will be dismissed with prejudice for failure to state a claim upon which relief can be granted. *See also* 28 U.S.C. § 1915A (b)(1).

# CONCLUSION

(1) The Clerk of the Court is directed to modify the CM/ECF system to reflect that the proper Defendants in this action are: (a) Steve Kellam, (not Steve "Kelim"), *former* Jailer of the Grant County Detention Center, and (b) the Grant County Detention Center, not the "Grant County Jail,"

(2) Plaintiff Marty H. Allnutt's 42 U.S.C. § 1983 claims against Kellam and the Grant County Detention Center, and/or the Grant County Fiscal Court, are **DISMISSED WITH PREJUDICE**;

(3) Allnutt's § 1983 claims challenging his current medical treatment at the Kentucky State Reformatory in LaGrange, Kentucky, are dismissed without prejudice to him asserting those claims in the proper venue; and

(4) The Court will enter a separate Judgment.

This 22nd day of March, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge